UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA FOGG, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 2:16-cv-00699-JHE |
| | ) |
| OVER THE MOUNTAIN SEDAN, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION[1]

Plaintiffs Patricia Fogg and Richard Boyle and Defendant Bruce McCormick (who appears *pro se*) have jointly requested approval of their settlement agreement (attached to this memorandum opinion as Exhibit A), which represents the resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").[2] (Doc. 46). For the reasons set forth below, the court approves the parties' settlement.

### I. Background Facts

On April 29, 2016, Plaintiffs filed this action, alleging they were deprived of overtime compensation and retaliated against in violation of the FLSA by Defendants Bruce McCormick and Over the Mountain Sedan, LLC. (Doc. 1). Specifically, the plaintiffs contend (1) the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 11).

[2] A previous version of this motion included as a party Over the Mountain Sedan, LLC, an unrepresented corporation. (Doc. 42). Plaintiffs have dismissed their claims against Over the Mountain Sedan, LLC. (Docs. 44 & 45). Therefore, the previous motion for settlement approval, (doc. 42), is **DENIED**.

defendants, both of whom they alleged were employers under the FLSA, misclassified them as independent contractors rather than employees and, as such, they were not paid overtime despite working more than forty hours per week; and (2) with respect to Boyle, that the defendants retaliated against Boyle for informing them he should be treated as an employee rather than an independent contractor by terminating his employment. (*See id.*). On May 18, 2016, the plaintiffs amended their complaint, alleging that Fogg's employment had since been terminated in retaliation for filing the lawsuit. (Doc. 8). The defendants answered both complaints. (Docs. 8 & 13). Plaintiffs have dismissed their claims against Defendant Over the Mountain Sedan, LLC, (docs. 44 & 45), leaving McCormick as the lone remaining defendant. The parties have engaged in written discovery, (*see* doc. 29 at ¶ 2), and mediation, and reached a settlement on October 5, 2017. The terms of the settlement are contained in a document submitted directly to the undersigned (the "Agreement"), which is attached to this memorandum opinion and made part of the record. (*See* Exhibit A). The undersigned has reviewed the Agreement.

Under the Agreement, McCormick has agreed to pay Fogg and Boyle $350.00 per month for a period of eighteen months, for a total of $6,300.00 due to each. (Exh. A at 9). McCormick has also agreed to pay plaintiffs' counsel $9,000.00, broken down into $8,600.00 in attorneys' fees and $400.00 in costs. (*Id.* at 8-10). The parties stipulate and agree the terms set forth in the Agreement constitute a fair and reasonable resolution of a bona fide dispute. (*Id.* at 10).

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and

employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011). Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United State*s, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

As a preliminary matter, the undersigned must deal with a confidentiality provision contained in the agreement. The provision states: "Plaintiffs understand that confidentiality is a material inducement to this settlement. Defendant McCormick acknowledges that the Court may strike this provision." (Exh. A at 10). Perhaps due to this provision, the parties submitted the settlement agreement to the chambers e-mail of the undersigned, rather than filing it on the docket. "Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that

employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Hogan v. Allstate Beverage Co.*, 821 F.Supp.2d 1274, 1283 (M.D. Ala. 2011) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708 (1945)).  While an FLSA confidentiality provision is not *per se* unenforceable, a party seeking to include one must show compelling reasons why it should be upheld.  *Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1280 (N.D. Ala. 2014).  When offered the opportunity to justify the inclusion of the provision, neither party offered such a compelling reason, and the undersigned discerns no justification consistent with the goals of the FLSA for the confidentiality provision.  Therefore, the confidentiality provision is stricken.

Turning to the remainder of the settlement agreement, the parties' dispute as to the merits of the case is legitimate.  Specifically, Plaintiffs allege Defendant violated the FLSA by classifying them as independent contractors and failing to pay them overtime over a more than two-year period, when each worked over forty hours per week in some weeks; Defendant denies this.  (Exh. A at 6-7).  The settlement is appropriate for the disputed overtime wages.  Plaintiffs have had the benefit of examining Defendant's payroll records, internal correspondence, and schedules to estimate the total number of overtime hours they worked without receiving a time-and-a-half premium.  (Exh. A at 6-8).  Plaintiffs state they have compromised their disputed claims due to concerns about Defendant's financial posture and ability to pay; conversely, Defendant (though denying liability) states the settlement is in excess of what Plaintiffs would receive if they were successful at trial, in terms of both unpaid wages and liquidated damages.  (Exh. A at 8).  The parties also note the inherent risks of continued litigation.  (*Id.*).  Due to these circumstances, particularly Defendant's potential inability to pay a judgment even if Plaintiffs were successful at trial, the undersigned finds the compromise of Plaintiffs' claims is reasonable.

"Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). The parties report the matter of attorneys' fees was negotiated at arm's length and was based on the work performed by Plaintiffs' counsel and likely hourly rates awardable, and the undersigned concludes Plaintiffs' recoveries were not affected by the amount of the attorneys' fee. (Exh. A at 9). Therefore, the undersigned finds the attorneys' fees are reasonable.

### III. Conclusion

The court finds plaintiffs' FLSA claims represent a bona fide dispute over FLSA provisions and the parties' settlement is a fair and reasonable resolution of these bona fide disputes. Therefore, the parties' second motion for settlement approval, (doc. 46), is **GRANTED**, and the settlement is **APPROVED** with the exception of the confidentiality provision, which is **STRICKEN**. A separate order will be entered.

DONE this 17th day of November, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE